```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
MICHELI & SHEL, LLC, individually and on behalf of                   :
others similarly situated,                                           :
                                                                     :
                              Plaintiff,                             :     21-CV-4995 (JMF)
                                                                     :
                -v-                                                  :     MEMORANDUM OPINION
                                                                     :             AND ORDER
GRUBHUB INC. et al.,                                                 :
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this putative class action, Plaintiff Micheli & Shel, LLC ("Micheli"), a New York City bakery, sues the food delivery company Postmates LLC ("Postmates") for alleged violations of New York City Local Law Nos. 52 and 88.[1] New York City enacted these laws in 2020, during the COVID-19 pandemic, to limit the fees food delivery services could charge restaurants. The laws — which have since been repealed and replaced — expressly provided for two mechanisms of enforcement: "[a] proceeding to recover" civil penalties "in any tribunal established within the office of administrative trials and hearings or within any agency of the city designated to conduct such proceedings," N.Y.C., N.Y., Local Law No. 52, Int. No. 1908-B, § 1 (2020) (codified at N.Y.C. Code § 20-848), *amended by* Local Law No. 88, Int. No. 2054-A (2020) (repealed 2022); or "[a] civil action . . . brought by the corporation counsel on behalf of the city in any court of competent jurisdiction" seeking civil penalties, restitution, injunctive relief, attorney's fees, and

---

[1] Micheli named three other food delivery companies in its Complaint. In a prior Opinion and Order, familiarity with which is presumed, the Court granted those Defendants' motions to compel arbitration and stayed the proceedings as to them. *See Micheli & Shel, LLC v. Grubhub Inc.*, 588 F. Supp. 3d 483 (S.D.N.Y. 2022) (ECF No. 79).

costs. *Id.* The question presented here — teed up by a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure filed by Postmates — is whether there is also a private right of action under these laws. The answer is plainly no.

Micheli concedes, as it must, "that the statutes do not *expressly* create a private right of action." ECF No. 100 ("Pl.'s Opp'n"), at 3 (emphasis added). Under New York law, "where a statute does not make express provision for a private remedy, such a remedy may be had only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 360 (2021) (internal quotation marks omitted). "To evaluate whether the legislative intent favors such implied rights of action," the Court of Appeals has "identified three relevant factors: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Id.* (internal quotation marks omitted). Significantly, *all* three factors must be satisfied in order for an implied right of action to be recognized. *See id.* Of the three, however, the third "is the most important and typically turns on the legislature's choice to provide one particular enforcement mechanism to the exclusion of others — a choice that should be respected by the courts." *Id.*

Here, the third — and "most important" — factor is fatal to Micheli's claims. First, a private right of action would be inconsistent with the plain language of the city laws, which limit the right to bring civil actions to the City Corporation Counsel and restrict any attempt to recover civil penalties to administrative (i.e., non-judicial) proceedings. N.Y.C., N.Y., Local Law No. 52 § 1. In other words, the City Council chose two "particular enforcement mechanism[s] to the exclusion of others." *Ortiz*, 37 N.Y.3d at 360. That choice "demonstrates that the legislature considered and decided what avenues of relief were appropriate." *Id.* at 362 (citing cases); *see id.* at

2

361 (observing that "the presence of alternative enforcement mechanisms is frequently determinative"); *accord Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 71 (2013).  Second, as Postmates notes, and Micheli does not dispute, the legislative history of the laws is similarly devoid of any suggestion that the City Council intended to create a private right of action in court.  *See* ECF No. 94, at 6; *see generally* Local Law No. 52, N.Y. CITY COUNCIL (2020), *available at* https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=4344564&GUID=BAB73224-E999-411A-8C42-1BDF14C0DACE.  Indeed, the Committee Report prepared in connection with the laws refers only to the two enforcement mechanisms adopted in the statute: civil actions by the Corporation Counsel and administrative proceedings for civil penalties.  *See* N.Y. City Council Comm. on Small Bus., Comm. Rep. of May 13, 2020, at 34.[2]

That would be enough but the final nail in the coffin of Micheli's argument is the fact that, in 2021, the City Council repealed the laws on which Micheli's claims are based and replaced them with a more comprehensive law governing third-party food delivery services that *does* expressly provide a private right of action in court.  *See* N.Y.C., N.Y., Local Law No. 100, Int. No. 1897-A (2021), *codified at* N.Y.C. Code § 20-563 *et seq.*; *see* N.Y.C. Code § 20-563.12 ("Any person alleging a violation of any provision of this subchapter may bring a civil action, in accordance with applicable law, in any court of competent jurisdiction.").  That enactment makes plain that the City Council knows how to provide for a private right of action when it wants to do so.  *Cf. Varela v. Investors Insurance Holding Corp.*, 81 N.Y.2d 958, 961 (1993) (concluding that the legislature "did not intend to create a private cause of action for violations" of a statute where it had later amended a

---

[2]   Interestingly, the first proposed version of Local Law No. 52 did not provide for *any* civil cause of action at all.  *See* N.Y. City Council Comm. on Small Bus. & Comm. on Consumer Affs. & Bus. Licensing, Briefing Paper & Comm. Rep. of April 29, 2020, at 58-60.  The fact that the City Council revised the proposal to provide for civil actions, but limited those actions to the Corporation Counsel, reinforces the conclusion that the City Council made a deliberate choice in the laws at issue *not* to provide for private causes of action in court.

3

related portion of the statute "to expressly provide for a private cause of action"); *accord Schlessinger v. Valspar Corp.*, 817 F. Supp. 2d 100, 105 (E.D.N.Y. 2011), *aff'd*, 723 F.3d 396 (2d Cir. 2013).  The fact that the 2021 law was drafted to "take[] effect 120 days after it [became] law," N.Y.C., N.Y., Local Law No. 100 § 3, underscores that the City Council did not intend for the law to make explicit what had previously been implicit.  Instead, it makes plain that the choice of enforcement mechanisms in the 2020 laws was a deliberate one to which the Court must defer.  *See, e.g.*, *Schlessinger v. Valspar Corp.*, 21 N.Y.3d 166, 172 (2013).[3]

Perhaps recognizing the weakness of its argument for a private right of action, Micheli argues in its memorandum of law that its Complaint "also sufficiently alleges facts that would establish a claim for unjust enrichment" and that such a claim should be "read into" the Complaint. Pl.'s Opp'n 11.  The Court disagrees.  The Complaint nowhere mentions the words "unjust," "enrich," or "enrichment," and makes no allegations regarding "equity and good conscience," as Micheli does in its brief.  *See id.*  And "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *In re Bystolic Antitrust Litig.*, 583 F. Supp. 3d 455, 489 (S.D.N.Y. 2022) (cleaned up).  In any event, even if an unjust enrichment claim could be fairly read into the Complaint, it would fail as a matter of law.  First, "when," as here, "a plaintiff does not possess a private right of action under a particular statute, and does not allege any actionable wrongs independent of the requirements of the statute, a claim for unjust enrichment is properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of the

---

[3]  *Maimonides Medical Center v. First United American Life Insurance Co.*, 981 N.Y.S.2d 739 (2d Dep't 2014), upon which Micheli relies, *see* Pl.'s Opp'n 6-7, is easily distinguished.  There, the court recognized an implied right of action in an insurance law's remedies provision in part because the remedies available to the Superintendent of Insurance did not adequately address the harms to health care providers and patients.  *See* 981 N.Y.S.2d at 746-47.  Micheli does not, and cannot, make any such argument here, as the laws at issue provide for full relief — but make plain that it is available only in a civil action brought by the Corporation Counsel.

statute." *Ortiz v. Ciox Health LLC*, 21 F.4th 50, 52 (2d Cir. 2021) (per curiam) (cleaned up). Second, unjust enrichment is a quasi-contractual claim that cannot be invoked where, as here, a valid and enforceable contract governs the relationship between the parties. *See, e.g., Cipciao, LLC v. M Chow One, LLC*, No. 20-CV-5982 (JMF), 2021 WL 1141567, at *6 (S.D.N.Y. Mar. 24, 2021) (citing cases), *aff'd*, 2021 WL 4852426 (2d Cir. Oct. 19, 2021).

For the foregoing reasons, Postmates's motion for judgment on the pleadings must be and is GRANTED and Micheli's claims against Postmates are DISMISSED. Moreover, the Court declines Micheli's request for leave to amend the Complaint, as the defects in its claims are substantive and insurmountable and, thus, any amendment would be futile. *See, e.g., Roundtree v. New York City*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (denying leave to amend where the plaintiff's claims failed as a matter of law, and citing cases). Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason to delay entry of final judgment in Postmates's favor until the conclusion of the arbitration proceedings against the other Defendants. Accordingly, the Clerk of Court is directed to terminate ECF No. 99, to enter judgment in Postmates's favor consistent with this Memorandum Opinion and Order, and to terminate Postmates as a party. Moreover, because there is no reason to keep the case open pending completion of the arbitration, the Clerk is directed to administratively close the case without prejudice to any party moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.

SO ORDERED.

Dated: March 7, 2023
      New York, New York

                                        JESSE M. FURMAN
                                     United States District Judge